UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| EDWARD J. CROUCH | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:09-cv-63 |
| | ) | |
| v. | ) | Magistrate Judge Carter |
| | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action was originated in this Court by a Notice of Removal which Edward J. Couch filed *pro se* with his Application to Proceed *In Forma Pauperis* on June 4, 2009. Mr. Crouch filed with his Notice of Removal a number of documents which appear to arise from a state citation for driving on a suspended license and the subsequent criminal charges for the same which were brought against him in Warren County, Tennessee. Those documents include, *inter alia*, a True Bill and Indictment against Edward J. Crouch on charges of driving on a suspended license issued by the March 2009 Session of the Warren County Grand Jury, an arrest warrant for driving with a suspended license issued by the Warren County General Sessions Court, and a Uniform State of Tennessee Citation for driving on a suspended license. In his Notice of Removal, presumably as grounds for his removal, Mr. Crouch states:

> This action was commenced in the Circuit Court for Warren County, STATE OF TENNESSEE, and assigned Case No. M-11980, (See alleged Warrant, and Complaint, indictment). This is a civil action, in Commerce, as STATE OF TENNESSEE, the fiction, claiming to be the damaged Party, asserting claims for relief pursuant to one STATE statute: COMMERCIAL CODE Title 55-50-504, M-11980, being traded, FIDELITY MUNICIPAL MONEY MARKET FUND, symbol FTEXX, CUSIP no. 316114107, fund no. 10.

1

Tenn. Code. Ann. § 55-50-504 is the statute which Mr. Crouch is charged with violating by driving on a suspended license. A careful review of all the papers Mr. Crouch filed reveals that Mr. Crouch has attached no state court civil complaint to his Notice of Removal. Thus, based on all the factors discussed above, the undersigned concludes Mr. Crouch is attempting to remove the criminal prosecution in the Warren County General Sessions Court for driving with a suspended license to this Court.

This Court has a threshold duty to examine whether it has subject matter jurisdiction over every controversy presented to it. *Johnson v. Turner*, 125 F.3d 324, 336 n. 13 (6th Cir. 1997); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 n. 1 (6th Cir.1996); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991). Further, pursuant to 28 U.S.C. § 1446(c)(4), after the filing of a notice of removal of a state criminal prosecution, the district court shall examine the notice of removal "promptly" and "[i]f it appears clearly on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

28 U.S.C. § 1441, the general removal statute, sets forth generally the instances in which a state court action may be removed to federal court, and all those instances in which removal are proper under Section 1441 involve state court civil actions, not criminal actions. *See* 28 U.S.C. § 1441. Thus, Section 1441 does not apply since Mr. Crouch does not seek to remove a civil action. 28 U.S.C. § 1442 allows federal officers who are defendants in certain state criminal proceedings to remove the criminal prosecution to federal court. *See* 28 U.S.C. § 1442 . 28 U.S.C. § 1442a allows members of the United States armed forces who are defendants in certain state criminal proceedings to remove the criminal prosecution to federal court. *See* 28 U.S.C. §

1442a. Mr. Crouch has not alleged he is either a federal officer or a member of the United States armed forces. 28 U.S.C. § 1443 "authorizes the removal of certain civil actions or criminal prosecutions involving laws providing for the equal civil rights of citizens of or persons within the United States."[1] Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3728 (3d ed. 1996 & Supp. 2009). Plaintiff is being prosecuted under state law for driving with a suspended license – a law which has nothing to do with equal civil rights of citizens. In sum, none of the bases for removal of a criminal prosecution apply in the instant case. Accordingly, it is RECOMMENDED that the District Court order summary REMAND of this prosecution back to the General Sessions Court of Warren County, Tennessee.[2]

Dated: June 17, 2009     s/William B. Mitchell Carter
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1443 states:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

3