UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:09-cv-63 |
| EDWARD JASPER; CROUCH, | ) ) ) | Judge Mattice |
| Defendant. | ) | |

## ORDER

On June 4, 2009, Defendant Edward Jasper; Crouch filed a Notice of Removal [Court Doc. 3] purporting to remove this case from the Circuit Court for Warren County pursuant to 27 U.S.C. § 1441 and 1446. In conjunction with his Notice of Removal, Defendant filed an application to proceed in forma pauperis ("IFP Application"). Magistrate Judge William B. Carter reviewed Defendant's IFP Application and recommended that it be granted based on his financial affidavit. Magistrate Judge Carter also filed a Report and Recommendation [Court Doc. 4] recommending that the Court remand this case for lack of jurisdiction. Defendant filed timely objections to Magistrate Judge Carter's R&R as well as a Motion for leave to correct the record [Court Doc. 5], both of which are currently before the Court.

Defendant moves for leave to "correct the Record" asking the Court to allow him to file an amended Notice of Removal stating that removal is proper pursuant to 28 U.S.C. § 1443(1), (2). Because this amendment does not alter the outcome, the Court will allow Defendant to amend his Notice of Removal. Accordingly, Defendant's Motion for Leave [Court Doc. 5] is **GRANTED** and the Court will base its determination as to whether it has

jurisdiction on the allegations contained in Defendant's First Amended Notice of Removal [Court Doc. 5-1].

In his R&R, Magistrate Judge Carter concluded that Defendant "is attempting to remove the criminal prosecution in the Warren County General Sessions Court for driving with a suspended license to this Court." (Court Doc. 4, R&R, p. 2.) Magistrate Judge Carter analyzed all of the possible removal statutes and concluded that none of them conferred jurisdiction on this Court over the charges brought against Defendant in state court. (*Id.* at 2-3.) Magistrate Judge Carter recommended that the Court remand this action back to the General Sessions Court of Warren County, Tennessee. (*Id.* at 3.)

Defendant filed a number of objections to the R&R. This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Defendant first contends that Magistrate Judge Carter failed to address Federal Rule of Civil Procedure 2 which provides that there is only one form of action – the civil action. (Court Doc. 6, Def.'s Obj., p. 2.) Rule 2 was enacted to abolish the different forms of civil actions, to eliminate the separate equity practices and rule in federal courts, and to ensure that "there is a single procedural framework for all federal civil proceedings." 4 Charles A. Wright, *et al.*, Federal Practice & Procedure § 1042 (3d ed. 2002). Nothing in Rule 2 confers jurisdiction on this Court over a state criminal matter. Defendant also cited Federal Rule of Civil Procedure 17 in support of his objections. (Def.'s Obj., p. 2.) Again, nothing in Rule 17, which concerns the possible parties in a civil action, confers jurisdiction on this Court over a criminal matter. The Federal Rules of Civil Procedure are simply

irrelevant here.

Defendant next contends that pursuant to 27 C.F.R. § 72.11, "ALL CRIMES ARE COMMERCIAL" and must have "nature and cause" and "be prosecuted in the name of the people of the states, as a 'real party in interest', NOT, 'THE PEOPLE OF THE STATE OF', corporation, the fiction." (*Id.*) The Court notes that 27 C.F.R. § 72.11 sets forth the meaning of various terms used in the regulations governing the Bureau of Alcohol, Tobacco and Firearms. As such, the Court can discern no relevancy of 27 C.F.R. § 72.11 to the instant action.

The Court has admittedly struggled to understand Defendant's objections. Defendant appears to be arguing: (1) that the charges brought against him in state court are civil rather than criminal in nature; (2) that he did not enter into a contract with the State of Tennessee that would allow the State to bring charges against him; and (3) that the State of Tennessee is a "for profit Corporation, a legal fiction" that is committing securities fraud on the people of the state. (*Id.* at 2-3.)

None of these arguments address the fundamental defect noted by the R&R – that Defendant has failed to establish how this Court has jurisdiction over the state criminal charges against him. The state court charges against him are criminal in nature, do not involve a federal officer and/or member of the armed forces, and do not involve civil rights. Accordingly, none of the bases for removal set forth in federal law apply here. *See* 28 U.S.C. § 1441 (allowing for removal of state court civil actions); 28 U.S.C. § 1442 (allowing for removal of certain cases involving federal officers and/or members of the military); 28 U.S.C. § 1443 (providing for removal of certain civil actions or criminal prosecutions involving laws providing for the equal civil rights of persons within the United States).

-3-

For the reasons stated above, Defendant's Objections [Court Doc. 6] are **OVERRULED**. The Court **ACCEPTS AND ADOPTS** the findings of fact and conclusions of law in the Report and Recommendation [Court Doc. 4]. The instant action is **REMANDED** to the General Sessions Court of Warren County, Tennessee.

SO ORDERED this 28th day of August, 2009.

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE